UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

ANTHONY T. MACKEY,                          :
                                            :
                         Plaintiff,         :
                                            :        **OPINION & ORDER**
            - against -                      :
                                            :        **02 Civ. 1707 (BSJ) (RLE)**
P.O. # 803 DICAPRIO, et al.,                :
                                            :
                         Defendants.        :
_____

**RONALD L. ELLIS, United States Magistrate Judge:**

## I.  INTRODUCTION

     *Pro se* plaintiff, Anthony T. Mackey ("Mackey"), commenced this action on March 5,

2002, against defendant police officers Dicaprio, Lawrence, and Potanovic, as well as the

Yonkers Police Department ("defendants"), alleging civil rights violations during his arrest on

September 25, 2001, in the City of Yonkers.  On April 7, 2004, this Court denied, without

prejudice, Mackey's application for appointment of counsel.  Pending before the Court is

Mackey's renewed appplication for appointment of counsel.  For the reasons which follow,

Mackey's application is **DENIED**.

## II.  FACTS

     Mackey alleges that on September 16, 2001, defendants used excessive force when they

assaulted him after he complied with their request "to get on the ground" during an arrest.  ***See***

Complaint ("Compl.") at ¶¶ IV-V.  Mackey asserts that while defendants were effectuating the

arrest, he was beaten with a hard object and kicked.  **Id**.  As a result of these actions, Mackey

alleges that he sustained injuries, including permanent scarring to his head, the loss of a tooth,

and recurring headaches.  **Id**. at ¶ IV-A.  Mackey claims that while he was being questioned,

defendant Lawrence handcuffed him and stood on his knee, causing tendon damage.  **Id**. at

¶¶ IV-IV-A.  Mackey also alleges that defendants ordered a police dog to bite him, which

resulted in a loss of "ability to control" one of the fingers on his left hand, and that defendants

dragged him up an alley, causing him to lose skin on his head and upper back.  **Id**.

### III.  DISCUSSION

In making the determination of whether to appoint counsel for an indigent civil litigant

under 28 U.S.C. § 1915(e), the court "exercises substantial 'discretion,' subject to the

requirement that it be 'guided by sound legal principles.'"  **Cooper v. A. Sargenti Co.**, 877 F.2d

170, 171-72 (2d Cir. 1989) (*quoting* **Jenkins v. Chemical Bank**, 721 F.2d 876, 879 (2d Cir.

1983)).  The court must first ask whether plaintiff can afford to obtain counsel.  ***See*** **Terminate**

**Control Corp. v. Horowitz**, 28 F.3d 1335, 1341 (2d Cir. 1994).  If the court finds that a plaintiff

cannot afford counsel, it must then examine the merits of the case and determine whether the

indigent's position "seems likely to be of substance."  **Hodge v. Police Officers**, 802 F.2d 58, 61

(2d Cir. 1986).  Once the initial determinations have been made as to indigence and merit, the

court has discretion to consider the following factors: (1) the indigent's ability to investigate the

crucial facts; (2) whether conflicting evidence implicating the need for cross-examination will be

the major proof presented to the fact finder; (3) the indigent's ability to present the case; (4) the

complexity of the legal issues; and (5) any special reason in that case why appointment of

counsel would be more likely to lead to a just determination.  **Id**. at 60-62.

In ruling on the first application for appointment of counsel, the Court determined that

Mackey satisfies the threshold requirements insofar as he is unable to afford counsel and his

claims have merit.  However, after applying the factors articulated in **Hodge**, this Court found

that Mackey's submissions had been made diligently and with care, he demonstrated no marked difficulty in presenting his case, nor alluded to any reason he would in the future, and his case did not present novel or complex legal issues.  Based on this reasoning, the Court found that the application for appointment of counsel was unwarranted, and it was denied.

In his second application for appointed counsel, Mackey lists a number of reasons why the initial denial of counsel was in error, and why the Court should grant his current request.  *See* Motion for Appointment of Counsel, December 22, 2006 ("Pl. Mot."), at 1-3.  Mackey cites his past error of sending discovery to judicial chambers, as opposed to defendants, as an indication that he does "not know what [he is] doing." **Id**. at 2.  Mackey offers, in support of his application, the problems he is having in obtaining discovery from defendants, specifically that he has been waiting between six months and four years for certain documents.  **Id**. at 3.  Mackey also asserts that counsel is necessary to investigate potential defendants who are withholding important discovery in his case, and to cross-examine witnesses on important factual issues.  **Id**. Finally, Mackey cites to a decision in which this Court granted an application for counsel, even though the plaintiff was able to effectively and regularly communicate with the Court, in support of his motion.  **Id**.; **Candelaria v. Erickson**, 2006 WL 1764172 (S.D.N.Y. June 26, 2006).

In considering for a second time the **Hodge** factors, however, the Court finds that Mackey has presented no new facts which would support a finding other than the initial determination that the appointment of counsel is unnecessary.  It is true that the case will likely involve an assessment of credibility and conflicting evidence, which does implicate the need for cross-examination and therefore weighs towards appointment of counsel.  *See* **Hodge**, 802 F.2d at 61 (*citing* **Maclin v. Freake**, 650 F.2d 885, 888 (7th Cir. 1981)).  In addition, Mackey's

3

incarceration obviously presents an additional obstacle for his prosecution of the case. However, his complaint articulates a clear and concise statement of the facts, as well as the relief he is seeking. Compl. at ¶¶ IV-V. Moreover, Mackey has submitted a request for an order compelling discovery, a motion requesting leave to amend the complaint, an objection to the Report and Recommendation issued by this Court denying the motion to amend, and this second motion for appointment of counsel. In all of these submissions, Mackey clearly articulated his position and, where applicable, cited to the Federal Rules of Civil Procedure and case law in support of his arguments. Mackey's submissions belie his claim that he does not know what he is doing, and instead demonstrate that he has been actively and effectively prosecuting his case. Therefore, Mackey's ability to present his case argues against the need for the appointment of counsel.

Mackey's complaints regarding his inability to obtain discovery from defendants also do not support granting the application for counsel, as the Court has discretion to compel discovery where necessary and there is no reason to believe that an attorney would be more successful if the defendants are, indeed, being recalcitrant in their production. Furthermore, Mackey's claims do not appear so complex that he cannot be afforded a just determination without legal representation. Finally, this case can be easily distinguished from the Court's decision granting the appointment of counsel in **Candelaria v. Erickson**. *See* 2006 WL 1764172 (S.D.N.Y. June 26, 2006). In **Candelaria**, the plaintiff had a medical condition which interfered with his ability to present his case, and the case was one which required extensive expert discovery. Neither of these factors are present in Mackey's claim. Therefore, after review of Mackey's application in light of the aforementioned principles, the court finds that the appointment of counsel continues to be unwarranted in this case.

Mackey's motion for appointment of counsel is **DENIED** without prejudice.

**SO ORDERED this 7th day of February 2007**
**New York, New York**

The Honorable Ronald L. Ellis
United States Magistrate Judge

5